**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-03703-NYW

MHRETEAB BRAHANE FIKADU,

Petitioner,

v.

TODD BLANCHE, in his official capacity,
MARKWAYNE MULLIN, in his official capacity,
DAVID J. VENTURELLA, in his official capacity,
DAREN K. MARGOLIN, in his official capacity,
GEORGE VALDEZ, in his official capacity, and
JUAN BALTASAR, in his official capacity,

Respondents.

---

**MEMORANDUM OPINION AND ORDER**

---

This matter is before the Court on Petitioner's Original Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Request for Declaratory and Injunctive Relief (the "Petition"). [Doc. 1]. Respondents have responded to the Petition, [Doc. 9], and Petitioner has replied, [Doc.10]. For the reasons set forth in this Order, the Petition is respectfully **DENIED**.

**BACKGROUND**

Petitioner Mhreteab Brahane Fikadu ("Petitioner" or "Mr. Fikadu") is a citizen of Eritrea who has been present in the United States since 2022. [Doc. 1 at ¶¶ 2–3]. On or about July 1, 2026, he was taken into ICE custody, and he is currently detained at the ICE Denver Contract Detention Facility. [*Id.* at ¶ 5].

On July 17, 2026, Mr. Fikadu "was provided a custody redetermination hearing."

[*Id.* at ¶ 6]. The immigration judge (or "IJ") denied bond on the basis that Petitioner is a flight risk. [*Id.*]. He argues, however, that the IJ "failed to properly apply the factors required by the [Board of Immigration Appeals ("BIA")] precedent" because "precedent establishes that the immigration judge [should] find that [Petitioner] is *not* a flight risk and order a reasonable bond or other reasonable conditions of release." [*Id.* at ¶ 7]. He states that he "did not file an appeal of the bond decision because it would be futile and he would suffer irreparable harm in waiting for a decision from the [BIA]." [*Id.* at ¶ 35].

Mr. Fikadu raises three claims under the Administrative Procedure Act ("APA") and one claim under the Due Process Clause of the Fifth Amendment. [*Id.* at ¶¶ 42–78]. He seeks, among other things, a Court order directing that he be released on a $1,500 bond or be provided a new bond hearing. [*Id.* at 18].

Respondents' Response does not engage with any of Petitioner's claims or arguments. Rather, Respondents state that they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case," and they "recognize that the Court may then decide to grant the Petition and award appropriate relief." [Doc. 9 at 2]. They submit that "the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner." [*Id.*].

**LEGAL STANDARD**

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the

writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

The Immigration and Nationality Act ("INA") "forbids federal district courts from effectively serving as an appellate court over an IJ's bond decision." *Quiroz Zacarias v. Mullin*, No. 26-cv-00574-WJM, 2026 WL 1092162, at *3 (D. Colo. Apr. 22, 2026). Indeed, the INA provides that "[t]he Attorney General's discretionary judgment regarding the application of [§ 1226] shall not be subject to review" and "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e). Section 1226(e) thus "precludes an alien from challenging a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (cleaned up).

Although Petitioner says that this Court has jurisdiction over his claims, *see* [Doc. 1 at ¶ 16], the Court respectfully disagrees.[1] All of his claims ask the Court to act as an appellate court over the IJ's bond determination. In his first claim, he argues that the immigration judge failed to follow *Matter of Patel*, 15 I&N Dec. 666 (BIA 1976), in issuing the decision. [Doc. 1 at ¶¶ 43–46]. But in so arguing, he asks the Court to reweigh the

[1] Because federal courts are courts of limited jurisdiction, this Court has an independent obligation to assure itself of subject matter jurisdiction regardless of whether the Government has failed to do so. *See 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

evidence that was presented to the IJ and come to a different conclusion, which it cannot do. *See* [*id.* at ¶ 51 (Petitioner arguing that he "established that he is not a flight risk for purposes of 8 U.S.C. § 1226(a)" because he has lived in the United States for years, has a fixed address, a work authorization, and a pending asylum application)];[2] *see also Adejola v. Barr*, 439 F. Supp. 3d 120, 130 (W.D.N.Y. 2020) ("To the extent Petitioner is arguing that the IJ's assessment of th[e] evidence was wrong or that she erred in her credibility determinations or the weight she gave to particular aspects of the record, such arguments are beyond the scope of this Court's jurisdiction."). Petitioner's argument could have, and should have, been raised in an appeal to the BIA. *Herrera-Andy v. Liggins*, No. 26-cv-01634-MJM, 2026 WL 2253636, at *3 (D. Md. Aug. 5, 2026) ("Petitioner's concerns about the sufficiency of his bond hearing ultimately boil down to a difference of opinion with the IJ's concerns and conclusions. . . . Petitioner's arguments may support relief on appeal to the BIA, but they are not grounds for intervention by this Court.").

His second claim argues that "[t]he immigration judge failed to apply the full set of . . . factors" set out in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006). [Doc. 1 at ¶ 59].[3] He argues that "[t]he finding that Petitioner was a flight risk such that no bond amount will secure his appearance at future immigration court hearings is an abuse of discretion in

[2] Petitioner states in passing that "[a]n individual's bond hearing fails to comport with due process where an Immigration Judge relies on considerations that would lead to an automatic denial of bond in all cases." [Doc. 1 at ¶ 50 (quoting *Lemus Crispin v. Bondi*, No. 1:26-cv-00191-LMB-WEF, 2026 WL 768859, at *5 (E.D. Va. Mar. 18, 2026))]. But Petitioner does not argue or explain how the IJ relied on considerations that would lead to automatic denial of bond. *See* [*id.*].

[3] *Guerra* sets out a non-exhaustive list of nine factors that an IJ may consider in a bond determination. *See* 24 I. & N. Dec. at 40.

light of the *Matter of Guerra* factors." [*Id.* at ¶ 61 (emphasis omitted)]. But an immigration judge has discretion to decide which *Guerra* factors to consider and how much weight each factor merits, *see Guerra*, 24 I. & N. Dec. at 40, and a habeas court "has no authority to encroach upon an IJ's discretionary weighing of the evidence," *Garcia v. Hyde*, 817 F. Supp. 3d 112, 126 (D.R.I. 2025) (quoting *Diaz-Calderon v. Barr*, 535 F. Supp. 3d 669, 676 (E.D. Mich. 2020)).[4]

For his third claim, Mr. Fikadu asserts that the IJ "was required to set a reasonable bond amount" to address any flight-risk concerns "unless no bond amount would secure attendance in removal proceedings." [Doc. 1 at ¶ 65]. He argues that the immigration judge was required to set bond because he "has valid avenues for relief and has established ties to the United States." [*Id.* at ¶ 66]. Again, this argument asks the Court to act as an appellate court over the IJ's decision, which is beyond this Court's habeas jurisdiction. *Quiroz Zacarias*, 2026 WL 1092162, at *3; *Garcia*, 817 F. Supp. 3d at 126; *Herrera-Andy*, 2026 WL 2253636, at *3.

Finally, Petitioner raises a due process claim. *See* [Doc. 1 at ¶¶ 67–78]. Although this Court lacks jurisdiction to review a discretionary bond decision, courts have recognized that "[w]hether [a petitioner] received the due process to which he was entitled 'is not a matter of discretion' and is subject to judicial review." *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020) (quoting *Zadvydas*, 533 U.S. at 688). However, "a petitioner may not recast a request to reweigh the evidence as a constitutional claim."

[4] An IJ is not required to consider *all* of the *Guerra* factors. *See Slim v. Nielson*, No. 18-cv-02816-DMR, 2018 WL 4110551, at *4 (N.D. Cal. Aug. 29, 2018); *Ventura v. Liggins*, No. 26-cv-00532-SAG, 2026 WL 1251618, at *3 (D. Md. May 7, 2026).

*Singh v. Gantt*, No. 26-cv-00863-R, 2026 WL 2431265, at *5 (W.D. Okla. Aug. 19, 2026) (citing *Hernandez v. Holder*, 450 F. App'x 773, 775 (10th Cir. 2011)), *recommendation adopted*, 2026 WL 2572145 (W.D. Okla. Aug. 31, 2026). Here, Petitioner does just that. He does not challenge the specific procedures or process of his bond hearing; he does not, for example, "indicate that he was denied the opportunity to present evidence at the bond hearing or that the IJ improperly shifted the burden of proof." *Kumar v. De Anda-Ybarra*, No. 26-cv-00164-DLR, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026). Rather, Petitioner's due process claim simply reasserts his disagreements with the IJ's flight-risk determination and weighing of the evidence. *See* [Doc. 1 at ¶ 77 ("As outlined more extensively above"—i.e., in his APA claims—"the immigration judge purportedly decided to continue Petitioner's detention based on . . . flight risk. However, the immigration judge erred in making th[is] determination[] based on BIA precedent." (citation omitted))].[5] But again, the Court has no power to act as an appellate court and review the IJ's decision. *Quiroz Zacarias*, 2026 WL 1092162, at *3.

To be sure, the IJ's written bond decision is very short, stating only that bond was denied because of "[e]xtreme flight risk." [Doc. 14-5 at 1]. And this Court is mindful of Mr. Fikadu's (or his counsel's) greater concerns regarding the policies and procedures of the Executive Office of Immigration Review. But Mr. Fikadu does not argue or cite any authority demonstrating that a cursory written decision, alone, is sufficient to establish a

[5] Although Petitioner frames his argument as a contention that the IJ misapplied BIA precedent, *see* [Doc. 1 at ¶ 77], his arguments about misapplication of precedent rely on his position that the IJ improperly weighed the evidence, *see, e,g.*, [*id.* at ¶¶ 7, 48–52, 57–61, 65–66].

due process violation, *see generally* [Doc. 1 at ¶¶ 67–78],[6] and in any event, courts have concluded that a challenge to "an IJ's cursory finding that [the petitioner] presents a flight risk" is "precisely the type of alleged error committed to review by the BIA," *Dos Reis v. Vitello*, No. 25-cv-10497-RGS, 2025 WL 1043434, at *2 (D. Mass. Apr. 8, 2025); *see also Martins v. Nessinger*, No. 26-cv-00252-MRD-PAS, 2026 WL 1802819, at *2 (D.R.I. June 23, 2026). Absent any specific argument that Petitioner was deprived of due process at the hearing, the Court lacks jurisdiction over this claim, too.

Petitioner has not shown that the Court has jurisdiction over any of his habeas claims. The Petition is therefore respectfully **DENIED**.

## CONCLUSION

For the reasons set forth in this Order, **IT IS ORDERED** that:

(1) Petitioner's Original Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Request for Declaratory and Injunctive Relief [Doc. 1] is **DENIED**; and

(2) The Clerk of Court shall enter judgment in favor of Respondents and close this case.

DATED: October 2, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge

[6] Petitioner did not submit an audio recording or transcript of the immigration judge's oral ruling.